UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CATHERINE C. O'CONNELL,
individually and on
behalf of all others
similarly situated,

 Plaintiff,

v.                                  CIVIL ACTION NO.: 13-cv-

STERLING JEWELERS, INC. D/B/A
JARED THE GALLERIA OF JEWELRY
AND OTHER NAMES[1],

 Defendant.


**CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL**

<u>Introduction</u>

Catherine C. O'Connell (hereinafter "O'Connell"), through her counsel, on behalf of herself and all other individuals and entities similarly situated (as more fully discussed *infra*), initiates this nationwide class action involving gemstones sold by Sterling Jewelers, Inc. doing business in Massachusetts and other jurisdictions as Jared The Galleria of Jewelry (hereinafter referred to as "Jared").[2]

---

[1] Sterling Jewelers, Inc. also does business in Massachusetts and other jurisdictions under the following names: Kay Jewelers, Goodman Jewelers, LeRoys Jewelers, J.B. Robinson Jewelers, Marks & Morgan Jewelers, Osterman Jewelers, Rogers Jewelers, Belden Jewelers, Shaws Jewelers, Friedlander Jewelers and Weisfield Jewelers.

[2] Sterling Jewelers, Inc. and Jared The Galleria of Jewelry are collectively hereinafter referred to as "Defendant."

Complaint Allegations

1. The Defendant sold certain natural gemstones including but not limited to diamonds, emeralds, rubies, sapphires (hereinafter "class jewelry") that had been treated without proper disclosure in violation of Federal Trade Commission regulations in the United States from at least 2009 through and including December 2013.[3] These treatments are not permanent and/or create special care requirements and/or affect the durability and value of the gemstones. In particular, the Defendant violated the Federal Trade Commission's Guides for the Jewelry, Precious Metals and Pewter Industries, 16 C.F.R. § 23. With respect to gemstone products, 16 C.F.R. § 23.22 provides that "[i]t is unfair or deceptive to fail to disclose that a gemstone has been treated if ... the treatment is not permanent ... the treatment creates special care requirements ... [or] the treatment has a significant effect on the stone's value."

2. O'Connell and proposed class members purchased treated gemstones as defined by the Federal Trade Commission from the Defendant. At the time of purchase, O'Connell and other proposed class members did not know their respective class jewelry had been treated, and/or the treatment was not permanent and/or the treatment created special care requirements and/or affect the durability and value of their

---

[3] The Defendant concurrently violated 15 U.S.C. § 45 through its course of conduct described *infra*. These violations occurred through brick and mortar stores and Internet sales.

respective gemstones purchased from the Defendant.

3. The Defendant, at the time and point of purchase (and thereafter) did not inform O'Connell and proposed class members verbally, electronically or by written materials that the proposed class jewelry had been treated and/or the treatment was not permanent and/or the treatment created special care requirements and/or affect the durability and value of their respective gemstones purchased from the Defendant.

4. The Defendant failed to provide proper disclosures of class jewelry treatments pursuant to the provision of 16 C.F.R. § 23.22.

5. The proposed class representative and members of the proposed class request *inter alia* return of the purchase price of class jewelry and/or monetary damages and/or injunctive relief together with court costs and attorneys' fees.

<u>Parties to this Proceeding</u>

6. O'Connell is an adult individual residing at 9 Raymond Place, Winchester, Massachusetts, 01890.  O'Connell purchased a natural emerald ring from Jared in Burlington, Massachusetts in 2013.  Other proposed class members purchased treated gemstones from the Sterling Jewelers, Inc. and its d/b/a entities listed in fn.1 through brick and mortar stores and the Internet.

7. Jared is a division of Sterling Jewelers, Inc.  which is a duly organized Delaware corporation with a principal place of business at

375 Ghent Road, Fairlawn, OH 44333. Other divisions of Sterling Jewelers, Inc. are set out *supra*.

8. The Defendant marketed, distributed and sold consumer jewelry products including gemstones throughout the United States and Massachusetts including the proposed class representative's jewelry and jewelry of all other proposed class members. The Defendant's corporate officers and employees regularly travelled to Massachusetts in furtherance of business on behalf of Jared and its other jewelry divisions.

9. The Defendant had exclusive responsibility in preparing class jewelry disclosure documents, electronic disclosure and warranties that accompanied the proposed class representative's jewelry and all other class jewelry.

10. The Defendant had substantial participation in the advertisement, marketing, distribution and sale of class jewelry in Massachusetts and the United States, the proposed class representative's jewelry and all other class jewelry.

11. The activities of the Defendant in Massachusetts and other jurisdictions described herein are directly attributable to injuries sustained by the proposed class representative and other purchasers of class jewelry.

Jurisdictional and Venue Statement

12. This district court has original jurisdiction under 28 U.S.C. § 1332(a)(1-3), 28 U.S.C. § 1332(d)(2)(A)-(C) and 28 U.S.C. § 1367

since diversity jurisdiction exists between the proposed class representative and the Defendant, there are in excess of 10,000 proposed class members and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

13. *In personam* jurisdiction exists over the Defendant under the so-called Massachusetts "long-arm" statute, Mass. Gen. L. ch. 223A, § 3.[4]  The Defendant is a person within the context of Mass. Gen. L. ch. 223A, § 1.  The Defendant directly and through its agents regularly transacts business and otherwise derives substantial revenue in Massachusetts including operating brick and mortar facilities in Massachusetts.  The Defendant conducts continuous and systematic economic activities in Massachusetts.  The Defendant intentionally and purposefully placed their class jewelry in the stream of commerce in Massachusetts and throughout the United States.  The Defendant directly and through their agents deliberately placed tens of thousands of their products in Massachusetts commerce.  The Defendant had a reasonable expectation that the class jewelry they produced, manufactured and distributed would be used in Massachusetts.  Class jewelry produced, manufactured and distributed by the Defendant were sold and used in Massachusetts.  Subjecting the Defendant to *in personam* jurisdiction

---

[4] Chapter 223A is captioned "Jurisdiction of Courts of the Commonwealth Over Persons in Other States and Countries."

in Massachusetts does not violate the Defendant's due process rights and comports with requirements of fair play and substantial justice.

14. Venue is conferred by 28 U.S.C. § 1391 as the Defendant regularly and purposefully conducted business in this judicial district and a substantial part of the events giving rise to the claim occurred here.

Class Action Allegations

15. Proposed class representative O'Connell initiates this national class action pursuant to Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of herself and all members of the following proposed sub-classes (hereinafter collectively referred as "proposed class members") defined as follows:

> (class no. 1) All noncommercial owners of class jewelry purchased from the Defendant's brick and mortar stores subsequent to December 5, 2009 where the Defendant failed to provide at the point of sale proper disclosures pursuant to the provisions of 16 C.F.R. § 23.22 and whose claims are governed by the application of Massachusetts substantive law;

> (class no. 2) All noncommercial owners of class jewelry purchased from the Defendant's brick and mortar stores subsequent to December 5, 2009 where the Defendant failed to provide at the point of sale proper disclosures pursuant to the provisions of 16 C.F.R. § 23.22 and whose claims are governed by the application of substantive law substantially similar and/or identical to Massachusetts substantive law;

(class no. 3) All noncommercial owners of class jewelry purchased from the Defendant via the Internet subsequent to December 5, 2009 where the Defendant failed to provide at the point of sale proper disclosures pursuant to the provisions of 16 C.F.R. § 23.22 and whose claims are governed by the application of Massachusetts substantive law;

(class no. 4) All noncommercial owners of class jewelry purchased from the Defendant via the Internet subsequent to December 5, 2009 where the Defendant failed to provide at the point of sale proper disclosures pursuant to the provisions of 16 C.F.R. § 23.22 and whose claims are governed by the application of substantive law substantially similar and/or identical to Massachusetts substantive law; and,

(class no. 5) Any other class and/or sub-class the Court determines necessary for the administration of justice in this proceeding.

Numerosity of the Class

16. The proposed class is so numerous that individual joinder of all potential members is impracticable under Fed. R. Civ. P. 19 or 24. There were in excess of 500,000 pieces of class jewelry sold in the United States. Although information concerning the number, location and identity of all proposed class members is not presently ascertainable, this information is obtainable through discovery from the Defendant.

Existence of Common Questions of Law and Fact

17. Common questions of law and fact exist as to all members of the proposed sub-classes and predominate any and all issues of law and fact affecting individual members of the class. These issues include but are not limited to:

a.  Whether class jewelry was treated as contemplated in the Federal Trade Commission's Guides for the Jewelry, Precious Metals and Pewter Industries, 16 C.F.R. § 23[5] and whether the Defendant violated the disclosure requirements of the Jewelry Guide;

b.  Whether class jewelry purchasers sustained economic damages directly or indirectly by the Defendant's failure to disclose that class jewelry had been treated as described in the Jewelry Guide;

c.  Whether the Defendant conducted adequate testing of class jewelry to determine whether the class jewelry had been treated as contemplated by the Jewelry Guide;

d.  Whether the Defendant breached their express warranties in that class jewelry was treated as contemplated by the Jewelry Guide without disclosure to purchasers;

e.  Whether the Defendant breached their implied warranties in that class jewelry was treated as contemplated by the Jewelry Guide without disclosure to purchasers;

f.  Whether the Defendant committed unfair and deceptive business trade act practices in the sale of class jewelry;

---

[5] The Federal Trade Commission's Guides for the Jewelry, Precious Metals and Pewter Industries, 16 C.F.R. § 23 is hereinafter referred to as "Jewelry Guide."

g.  Whether the Defendant actively, affirmatively and/or fraudulently concealed the treatment of class jewelry from purchasers;

h.  Whether the Defendant were unjustly enriched by their warranty breaches and deceptive business practices;

i.  Whether proposed class members are entitled to restitution or monetary damages;

j.  Whether proposed class members are entitled to injunctive relief pursuant to Rule 23(b)(2);

k.  Whether the court should establish a constructive trust funded by the benefits conferred upon the Defendant by their wrongful and unlawful conduct; and,

l.  Whether proposed class members are able to economically afford individual litigation against the Defendant.

Typicality of Claims or Defenses of a Definable Class

18. The claims and defenses of the proposed class representative are typical of the claims and defenses of proposed class members. Class claims arise out of ownership of class jewelry as defined in ¶¶1-2. The Defendant has no counterclaims or defenses unique to the proposed class representative.

Adequate Representation

19. Proposed class representative O'Connell has no conflicting interests with any other class member. The proposed class representative will fairly and adequately protect the interests of

the class.   Claims of the proposed class representative and the proposed class members' claims are so interrelated that the interests of the proposed class members will be fairly and adequately protected in their absence.   The proposed class representative has retained counsel adequate to protect the interests of all proposed class members.

<u>Superiority of a Class Action</u>

20. Maintenance of a class action is the most economical procedural device to litigate the described deceptive and unfair jewelry sales claims.   Prosecution of separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant as recognized by Fed. R. Civ. P. 23(b)(1)(A).

21. Prosecution of separate actions by or against individual class members would create the risk of inconsistent adjudications with respect to individual class members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests as recognized by Fed. R. Civ. P. 23(b)(1)(B).

22. There is a substantial likelihood that the Defendant will act or refuse to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is

appropriate as recognized by Fed. R. Civ. P. 23(b)(2) since they are likely to suffer a future injury and again purchase treated gemstones from the Defendant without adequate disclosures.

23. Questions of law and fact common to members of the class predominate over any questions affecting any individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy as recognized by Fed. R. Civ. P. 23(b)(3).

Further Allegations

24. The proposed class representative and proposed class members had valid and binding warranties and contracts with the Defendant and were reasonably expected by the Defendant to use their respective class jewelry in the manner in which the jewelry was used.

25. The proposed class representative and proposed class members complied with all warranty and contractual obligations including all warranty, warranty notice, maintenance and product use obligations for their respective class jewelry. The proposed class representative O'Connell and proposed class members used their jewelry under normal anticipated conditions in noncommercial environments.

26. Proposed class representative O'Connell and proposed class members have incurred substantial economic loss together with other injury and harm caused by the Defendant's activities described in this complaint.

11

27. Proposed class representative O'Connell through her attorney contacted the Defendant concerning its warranty breaches. The Defendant timely received proposed class representative O'Connell's breach of warranties notice together with proposed class members' notice and suffered no resulting prejudice.

28. The Defendant actively concealed gemstone treatments described *supra* from the proposed class representative and all class jewelry purchasers. The Defendant intentionally failed to inform class jewelry purchasers that class jewelry had been treated within the context of the Jewelry Guide.

29. The Defendant refused to fully reimburse or compensate the proposed class representative and/or proposed class members for class jewelry that had been treated or provide substitute or replacement jewelry.

30. Despite actual and constructive knowledge of class jewelry treatments, the Defendant failed to inform purchasers that their gemstones were treated thereby breaching the terms of the express warranty.

31. Through no fault of her own, proposed class representative O'Connell did not possess sufficient technical expertise to recognize class jewelry treatment contemplated in the Jewelry Guide although this information was well known to the Defendant but kept

secret.   The Defendant actively and fraudulently concealed the existence of class jewelry treatments.[6]

32. The Defendant made false and fraudulent representations to class members after their jewelry failed that certain conditions for which the Defendant was not responsible caused class jewelry failures.

33. Proposed class representative O'Connell's class jewelry cost approximately $249.00 at the time of purchase.   The proposed class representative's emerald ring is worth substantially less because it has been treated and she will incur substantial expense re-treating the gemstone.

34. A reasonable person who purchased a class jewelry would not have discovered that class jewelry had been treated because treatments are difficult to detect, were inherently unknowable at the time of purchase without expertise in such treatments and were further concealed by the Defendant's affirmative acts (including active fraud with the intent to deceive).

35. The proposed class representative did not learn her class jewelry was treated within the context of the Jewelry Guide until after the purchase transpired.

---

[6] Additional information supporting allegations of this fraud and fraudulent conduct is in the control of the Defendant.   This information includes but is not limited to memoranda, purchase orders, communications with vendors of class jewelry, the Defendant's inspections of class jewelry, communications acknowledging treatments of gemstones sold by the defendant and internal corporate communications concerning prohibited treatment to class gems and how to deal with consumers who claim their class jewelry were treated.

36. The Defendant had actual knowledge and/or should have known upon proper inquiry and testing that class jewelry was treated because they are both merchants and experts in gemstones.

37. Gemstone treatments (also referred to in the trade as enhancements) are technical in nature and are not known by the ordinary consumer or the public including the proposed class representative and proposed class members.

38. The proposed class representative and proposed class members were ignorant of this technical information through no fault of their own.

39. Material information was fraudulently concealed and/or actively suppressed in order to sell class jewelry to uninformed consumers (including the proposed class representative and proposed class members) premised on affirmations and representations of quality jewelry at low prices in a direct per se violation of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide.

40. Material information concerning gemstone treatments was fraudulently concealed and/or actively suppressed in order to protect the Defendant's corporate profits from loss of sales from adverse publicity, refunds and limit the Defendant's brand disparagement.

41. The Defendant is equitably estopped from asserting the statutes of limitations were running against the claims of class members.

42. The Defendant had a duty to disclose class jewelry treatments to prospective purchasers as required by the Jewelry Guide and other trade customs and consumer expectations.

43. This duty arose because the Defendant knew that prospective purchasers of class jewelry were not cognizant of treatments to gemstones and because § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide mandated such disclosures.

44. The Defendant continuously and affirmatively concealed the actual characteristics of class jewelry from the proposed class representative and other purchasers.  The Defendant breached its affirmative duty of disclosure to class jewelry owners (and particularly to owners who inquired as to class jewelry treatments).

45. The Defendant had superior and exclusive knowledge of class jewelry characteristics and owed class jewelry purchasers a duty to disclose gemstone treatments.

46. The Defendant breached express and implied warranties and actively and affirmatively misrepresented, fraudulently concealed and suppressed the existence of treatments to class jewelry. Material information was fraudulently concealed and/or actively suppressed in order to sell class jewelry to uninformed consumers (including proposed class representative O'Connell and proposed class members) premised on affirmations and representations of jewelry with superior value and quality when in fact class jewelry

was not because of treatments that were applied.  These treatments existed when class jewelry left the control of the Defendant.

47. The warranties accompanying the class jewelry were procedurally and substantively unconscionable under Mass. Gen. L. Ch. 106, § 2-302 and other applicable state warranty laws because of the disparity in bargaining power of the parties, the purchasers' lack of knowledge that class jewelry had been treated, lack of knowledge of practices in the jewelry business, lack of meaningful alternatives, disparity in sophistication of the parties, unfair terms in the warranty (including but not limited to boiler plate warranty language and warranties that unfairly favored the Defendant particularly where there were class jewelry treatments known only to the Defendant) and absence of effective warranty competition.

48. Class jewelry warranties are oppressive, unreasonable and unconscionable because the treatments constitute an unfair contractual surprise for the proposed class representative and proposed class members.

49. Purchasers of class jewelry reasonably expect disclosure of jewelry treatments or any other fact that would affect the use, value and/or durability of the gemstone.

50. Given the conduct of the Defendant and the treatments to class jewelry (that the Defendant knew were treated), the durational limitations of the warranties are oppressive, unreasonable and unconscionable because the warranty disclaimers of the proposed

class representative and proposed class members were neither knowing nor voluntary.

51. The proposed class representative and proposed class members had an absence of meaningful choice in the purchase of class jewelry and the contractual terms were unreasonably favorable to the Defendant.

52. The bargaining position of the Defendant for the sale of class jewelry was grossly disproportionate and vastly superior to that of individual jewelry purchasers including the proposed class representative and proposed class members because the Defendant knew there were treatments to class jewelry affecting use, value and durability.

53. The Defendant included unfair contractual provisions concerning the length and coverage of the express warranty when it knew that class jewelry had been treated.  This information was available to the Defendant from gemstone suppliers and internal corporate activities.

54. The Defendant's conduct renders the class jewelry purchase contract so one-sided as to be unconscionable under the circumstances existing at the formation of the class jewelry purchase contract.

55. The durational limitation of the express warranties accompanying the class jewelry is unreasonable and unconscionable since the Defendant actively concealed known jewelry treatments.

56. The proposed class representative and proposed class members had no notice of the treatments or ability to detect the treatments although the Defendant was fully aware of treatments performed to class jewelry that substantially reduced the value of the jewelry. Proposed class representative O'Connell and proposed class members were unaware of treatments to class jewelry at the time of purchase.

57. The Defendant engaged in unconscionable fraudulent commercial practices and attempted to conceal class jewelry treatments that were performed to hide gemstone defects or improperly enhance their value.

58. The Defendant is engaged in a continuing fraud concerning class jewelry treatments.

59. The Defendant's unconscionable conduct precludes any exclusion of incidental and consequential damages or any other limitation of consumer remedies.

60. Some class jewelry will require additional treatments and unanticipated additional expense since not all treatments are permanent in nature.  In many instances, continuing to incur costs to retreat class jewelry is not economically warranted and/or destroys the sentimental value.

61. Purchasers of class jewelry owners have sustained an ascertainable loss and financial loss including but not limited to overpaying for class jewelry that had been surreptitiously treated

to artificially enhance values and/or will require remedial treatments.

62. Individuals who own or have owned class jewelry sustained an ascertainable loss.

63. If the proposed class representative and proposed class members had been informed of treatments to class jewelry, they would not have purchased their respective class jewelry or would have paid substantially less.[7]

### COUNT I
### BREACH OF MASS. GEN. L. CH. 106, § 2-314: IMPLIED WARRANTY OF MERCHANTABILITY BY THE DEFENDANT RESULTING IN FINANCIAL HARM

64. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

65. The proposed class representative and proposed class members purchased class jewelry from the Defendant for non-commercial purposes.

66. The Defendant is a merchant with respect to consumer jewelry. Class jewelry is a good within the meaning of the Uniform Commercial Code as adopted by Massachusetts.

---

[7] Given the vast disparity in expertise, including knowledge of jewelry design, manufacture and testing processes, O'Connell and proposed class members had to rely on the Defendant's warranty representations and warranties concerning the class jewelry.

67. The Defendant impliedly warranted to the public and owners of class jewelry that class jewelry was merchantable and fit for the ordinary purposes for which consumer jewelry are used.

68. As a manufacturer and seller of consumer goods, the Defendant is precluded from excluding or modifying an implied warranty of merchantability or limiting consumer remedies for breach of this warranty.

69. The Defendant failed to provide written notice to the proposed class representative and other class jewelry purchasers of implied warranty exclusions at time of purchase because the warranty exclusion was not present at the time of sale and was ineffective since it was not conspicuous within the meaning of Mass. Gen. L. ch. 106, § 2-316.

70. Class jewelry was not of merchantable quality and was unfit for the ordinary purposes for which jewelry are used because of treatments, value and special care requirements.

71. The Defendant received adequate notice of its breach of the implied warranty of merchantability and request for repair or replacement. In the alternative, the plaintiffs, as indirect purchasers were not required to issue notice of the warranty breach to the Defendant and/or lack of notice of warranty breach did not result in any prejudice to the Defendant. The Defendant declined to offer the proposed class representative an effective remedy for her

defective jewelry and/or failure to disclose as required by the Jewelry Guide.

72. The Defendant breached its implied warranties in that class jewelry was defective with respect to treatments and the fact that the treatments were not disclosed to purchasers.

73. Class jewelry is predisposed to requiring additional treatments because the treatments are not permanent in nature and/or the value of the class jewelry is significantly affected.

74. The above-enumerated defects and/or disclosure failures existed at the time the class jewelry left the custody, control and/or possession of the Defendant and render the class jewelry unfit and defective.

75. The proposed class representative and proposed class members reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon its implied warranty that class jewelry was of merchantable quality and fit for their intended use.

76. The proposed class representative and proposed class members relied on implied warranties of merchantability made by the Defendant concerning class jewelry and sustained an ascertainable loss and financial injury resulting from the breach of those warranties by the Defendant.

77. The proposed class representative and proposed class members had a legitimate consumer expectation that any treatments made to class jewelry would have disclosed prior to purchase. There were no

statements made by the Defendant or its agents contradicting legitimate consumer expectations with respect to class jewelry at the time of purchase.

78. The proposed class representative and proposed class members could not have reasonably discovered the treated condition of the class jewelry at the time of purchase.

79. The Defendant's breach of implied warranties of merchantability was the direct and proximate cause of financial harm to the proposed class representative and proposed class members.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including monetary damages, interest, costs and attorney's fees.

**COUNT II**
**BREACH OF MASS. GEN. L. CH. 106, §2-313: BREACH OF EXPRESS**
**WARRANTY BY THE DEFENDANT RESULTING IN FINANCIAL HARM**

80. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

81. The Defendant expressly warranted to the public including proposed class representative O'Connell and proposed class members that class jewelry was merchantable and fit for the ordinary purposes for which jewelry are used.

82. The Defendant extensively advertised that class jewelry was of superior value and extolled the quality and virtues of class jewelry including superior quality, value and beauty.

83. The Defendant represented that class jewelry was of a particular standard or quality when it was not.

84. The Defendant breached its express warranties in that class jewelry was defective with respect to undisclosed treatments that affected value, special care requirements, light refraction and other measureable standards.

85. The Defendant received adequate notice of its breach of its express warranties and failed to cure the warranty breaches.  In the alternative, proposed class representative and proposed class members, as indirect purchasers were not required to issue notice of the warranty breach to the Defendant and/or lack of notice of warranty breach did not result in any prejudice to the Defendant.

86. The Defendant failed to remedy the proposed class representative's (or proposed class members) defective class jewelry during the express warranty period although these defects were known to the Defendant at that time.

87. The proposed class representative and proposed class members relied on express warranties made by the Defendant concerning class jewelry and sustained an ascertainable loss and other financial injury resulting from the breach of those warranties by the Defendant.

88. The proposed class representative and proposed class members could not have reasonably discovered the treatments performed to class jewelry at the time of purchase.

89. The Defendant's breach of its express warranties was the direct and proximate cause of cause of financial harm to proposed class representative O'Connell and proposed class members.

90. The above-enumerated defects and treatments existed at the time the class jewelry left the custody, control and/or possession of the Defendant and render the class jewelry unfit at the time the jewelry was delivered.

91. The express warranty remedy for class jewelry fails of its essential purpose under Mass. Gen. L. ch. 106, § 2-719(2) because class jewelry is not repairable and the limitation of consequential damages is unconscionable under Mass. Gen. L. ch. 106, § 2-719(3) because of the conduct of the Defendant described *supra*.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including monetary damages, interest, costs and attorney's fees.

### COUNT III
### INTENTIONAL MISREPRESENTATION BY NONDISCLOSURE OF MATERIAL FACTS BY THE DEFENDANT RESULTING IN FINANCIAL HARM

92. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

93. The proposed class representative and proposed class members relied upon the Defendant's brand name as representing quality gemstones and were confident as to the quality it possessed and reposed confidence and trust in the Defendant to inform them of any

defects, particularly defects or treatments affecting class jewelry value, durability and care.

94. The above-enumerated treatments and/or defects existed at the time the class jewelry left the custody, control and/or possession of the Defendant and render the class jewelry unfit and/or defective.

95. The Defendant knew there were defects in the gemstones and/or treatments rendered to the gemstones to enhance valuation and/or marketability. This information was not ascertainable by the proposed class representative and proposed class members who purchased class jewelry.

96. At the time of sale, the Defendant had a duty to disclose these defects and other material information including gemstone treatments but elected not to. This duty arose from Mass. Regs. Code 940, §§ 3.05, 3.16 (1993), § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended,* inequality of condition and knowledge together with other attendant circumstances including but not limited to the disclosure mandates of the Jewelry Guide.

97. The Defendant actively concealed material facts concerning class jewelry treatments.

98. The Defendant should have disclosed facts basic to the purchase of class jewelry since the Defendant knew proposed class representative O'Connell and proposed class members were uniformed

or mistaken as to the quality of class jewelry including defects in the gemstones and/or gemstone treatments. The proposed class representative and proposed class members would have reasonably expected a disclosure from the Defendant of facts concerning class jewelry defects and/or treatments because of the customs of the trade, the mandates of the Jewelry Guide and/or other objective circumstances.

99. The Defendant intended that the proposed class representative and proposed class members should not be informed of material facts concerning attributes of the class jewelry that would negatively influence the decision to purchase class jewelry. The Defendant knew that purchasers of class jewelry were acting under mistakes of fact (including but not limited to gemstone treatments, special care requirements and the affect on gemstone value) that were basic to the transaction and disclosure would reasonably be expected.

100. If the Defendant had disclosed that class jewelry was defective and/or had been treated and/or would require regular re-treatments, and/or special care, the proposed class representative and proposed class members would not have purchased their class jewelry and/or paid substantially less.

101. The proposed class representative and proposed class members suffered direct and proximate ascertainable loss and financial harm caused by the Defendant's nondisclosure of material facts concerning gemstone defects, treatment, value and special care requirements.

26

Wherefore, the proposed class representative O'Connell and proposed class members demand judgment against the Defendant including monetary damages, interest, costs and attorney's fees.

## COUNT IV
## VIOLATION OF MASS. GEN. L. CH. 93A: UNFAIR AND DECEPTIVE TRADE ACT PRACTICES

102. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

103. The Defendant is a person within the context of Mass. Gen. L. ch. 93A, §1.

104. The Defendant committed unfair and deceptive acts in the course of trade and commerce within the context of Mass. Gen. L. ch. 93A as described in this complaint including but not limited to parallel violations of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended*.

105. The Defendant committed unconscionable commercial practices including but not limited to deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of material facts with intent that proposed class representative O'Connell and other class jewelry purchasers would rely upon such concealment, suppression and/or omission in connection with the sale and/or marketing of class jewelry.

106. The Defendant fraudulently, intentionally, negligently, and/or recklessly misrepresented to proposed class representative and

proposed class members the characteristics of class jewelry by failing to disclose treatments to class jewelry as required by § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide.

107. The Defendant fraudulently, intentionally, negligently and/or recklessly misrepresented to the proposed class representative and proposed class members the characteristics of class jewelry with respect to defects and treatments in violation of both ch. 93A and Mass. Regs. Code 940, §§ 3.05, 3.16 (1993).

108. The Defendant fraudulently, intentionally, negligently and/or recklessly concealed from the proposed class representative and proposed class members defects in and treatments to class jewelry even though the Defendant knew or should have known of these defects and treatments.

109. The Defendant actively suppressed the defects in and treatments to class jewelry.  The Defendant secretly replaced some class jewelry and/or refunded the purchase price to prevent dissemination of knowledge concerning jewelry defects and undisclosed treatments.

110. The Defendant intended or should have known that proposed class representative and proposed class members would rely upon misrepresented characteristics of class jewelry.

111. The Defendant violated (including but not limited to per se violations) § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* together with

28

ch. 93A failing to inform class jewelry owners prior to purchase that class jewelry had defects and had been treated, that the jewelry would require special care and the treatments had a significant effect on the jewelry's value.

112. The Defendant committed unfair and deceptive business trade act practices as set forth in all preceding counts and as described in this count.  The Defendant repeatedly violated ch. 93A on multiple occasions (including but not limited to per se violations) with its continuous course of conduct including omissions of material fact and misrepresentations and violations of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended*.

113. The wrongful conduct of the Defendant violating ch. 93A occurred within the limitations period set out in the statute and/or the limitations period is tolled by the Defendant's conduct.

114. As a proximate and direct result of the Defendant's unfair and deceptive business trade practices, the proposed class representative and proposed class members purchased class jewelry and sustained an ascertainable loss, financial harm and property damage.

115. The conduct of the Defendant offends public policy as established by statutes and common law and is unfair, deceptive, unethical, oppressive and/or unscrupulous and caused unavoidable substantial injury to class jewelry owners (who were unable to have

reasonably avoided the injury due to no fault of their own) without any countervailing benefits to consumers.

116. On October 21, 3013, a Mass. Gen. L. ch. 93A, § 9 demand letter was sent to the Defendant via certified mail, return receipt requested. The § 9 demand letter was received by the Defendant on October 24, 2013. A copy of the ch. 93A demand letter and return receipt evidencing delivery are appended to this complaint as Exhibits "A" and "B", respectively. The Defendant failed to issue a reasonable settlement of the claims set out in the ch. 93A demand letter.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including multiple monetary damages, interest, costs and attorney's fees.

## COUNT V
### UNJUST ENRICHMENT / RESTITUTION

117. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

118. The proposed class representative and proposed class members do not have an adequate remedy at law and do not have binding and valid warranties with the Defendant.

119. The proposed class representative and proposed class members conferred a direct monetary benefit on the Defendant, but for the Defendant's wrongful conduct proposed class representative and

proposed class members would not have conferred and would have otherwise expected remuneration from the Defendant.  At the time of purchase the proposed class representative and proposed class members enriched the Defendant beyond its contractual rights. Proposed class representative O'Connell and proposed class members thought they were purchasing high quality jewelry and received instead defective class jewelry that had been treated without disclosure by the Defendant thereby mistakenly conferring benefits on the Defendant.

120. The Defendant obtained financial gain by selling defective and treated class jewelry.

121. The proposed class representative and proposed class members sustained monetary damages.

122. Allowing the Defendant to retain its unjust monetary enrichment from its wrongful and unlawful acts would violate the fundamental principles of justice and would be otherwise inequitable.

Wherefore, proposed class representative O'Connell and proposed class members request that the Defendant refund the purchase price of class jewelry or in the alternative, disgorge profits from its wrongful and unlawful conduct.  The proposed class representative and proposed class members further request that the court establish a constructive trust funded by the benefits conferred upon the Defendant.  The proposed class representative and proposed class members should be designated beneficiaries of the trust and obtain

restitution for their out of pocket expenses caused by the Defendant's conduct.

## SUPPLEMENTAL CAUSES OF ACTION

Alternatively, proposed class plaintiffs assert the following counts:

### SUPPLEMENTAL COUNT I
### BREACH OF STATE IMPLIED WARRANTIES OF MERCHANTABILITY
### BY THE DEFENDANT RESULTING IN FINANCIAL HARM

123. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

124. The proposed class representative and proposed class members purchased class jewelry from the Defendant for non-commercial purposes.

125. The Defendant is a merchant with respect to consumer jewelry. Class jewelry is a good within the meaning of the Uniform Commercial Code as adopted by the jurisdictions set forth *infra*.

126. The Defendant impliedly warranted to the public and owners of class jewelry that class jewelry was merchantable and fit for the ordinary purposes for which consumer jewelry is used.

127. As a manufacturer and seller of consumer goods, the Defendant is precluded from excluding or modifying an implied warranty of merchantability or limiting consumer remedies for breach of this warranty.

128. The Defendant failed to provide written notice to the proposed class representative and other class jewelry purchasers of implied warranty exclusions at time of purchase. Any purported warranty exclusion was not present at the time of sale and is ineffective since it was not present and/or conspicuous within the meaning of § 2-316 of the respective commercial codes of the jurisdictions set forth *infra*.

129. Class jewelry was not of merchantable quality and was unfit for the ordinary purposes for which jewelry are used because of treatments, value and special care requirements.

130. The Defendant received adequate notice of its breach of the implied warranty of merchantability and request for repair or replacement. In the alternative, the plaintiffs, as indirect purchasers were not required to issue notice of the warranty breach to the Defendant and/or lack of notice of warranty breach did not result in any prejudice to the Defendant. The Defendant declined to offer the proposed class representative and/or proposed class members an effective remedy for their defective jewelry and/or failure by the Defendant to disclose treatments as required by § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide.

131. The Defendant breached its implied warranties in that class jewelry was defective with respect to treatments and the fact that these treatments were not disclosed.

132. Class jewelry is predisposed to requiring additional treatments because the treatments are not permanent in nature and/or the value of the class jewelry is significantly affected by these treatments.

133. The above-enumerated defects and/or disclosure failures existed at the time the class jewelry left the custody, control and/or possession of the Defendant and render the class jewelry unfit and defective.

134. The proposed class representative and proposed class members reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon its implied warranty that class jewelry was of merchantable quality and fit for intended use.

135. The proposed class representative and proposed class members relied on implied warranties of merchantability made by the Defendant concerning the class jewelry and sustained an ascertainable loss and financial injury resulting from the breach of those disclosure obligations and warranties by the Defendant.

136. The proposed class representative and proposed class members had a legitimate consumer expectation that any treatments made to class jewelry would have disclosed prior to purchase. There were no statements made by the Defendant or its agents contradicting legitimate consumer expectations with respect to class jewelry at the time of purchase.

137. The proposed class representative and proposed class members could not have reasonably discovered the treated condition of the class jewelry at the time of purchase.

138. The Defendant's breach of implied warranties of merchantability was the direct and proximate cause of financial harm to the proposed class representative and proposed class members.

139. The Defendant's conduct violates the state statutes listed below:

(a) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ala. Code § 7-2-314.

(b) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Alaska Stat. § 45.02.314.

(c) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ak. St. § 45.02.314.

(d) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ariz. Rev. Stat. Ann. § 47-2314.

(e) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Co. Rev. St. § 4-2-314.

(f) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Conn. Gen. Stat. Aim. § 42a-2-314.

(g) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of 6 Del. C. 2-314.

(h) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of D.C. Stat. § 28:2-314.

(i) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Fla. Stat. Ann. § 672.314.

(j) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ga. Code *Ann.* § 11-20-314.

(k) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Haw. Rev. Stat. § 490:2-314.

(1) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Id. Stat. § 28-2-314.

(m) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of 810 ILCS 512-314.

(n) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Md. Code § 26-1-2-314.

(o) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Iowa Code Ann. § 554.2314.

(p) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Kansas Stat. Ann. § 84-2-314.

(q) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ken. Rev. Stat. § 355.2-314.

(r) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of La. Civ. Code Ann. art. 2520.

(s) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of 11 Maine Rev. Stat. Ann. § 2-314.

(t) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Md. Com. Law Code Ann. § 2-314.

(u) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Mass. Gen. Laws Ann. 106 § 2-314.

(v) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Mich. Comp. Laws Ann. 440.2314.

(w) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Minn. Stat. Ann. § 336.2-314.

(x) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Miss. Code Ann. § 75-2-314.

(y) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Missouri Ann. Stat. 400.2-314.

(z) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Mont. Code Ann. 30-2-314.

(aa) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Neb. Rev. State. § 2-314.

(bb) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Nev. Rev. Stat. 104.2314.

(cc) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of N.H. Rev. Stat. § 382-A:2-314.

(dd) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of N.J. Stat. Ann. 12A:2-314.

(ee) The Defendant breached its implied warranties that class jewelry was of merchantable quality and *fit* for the ordinary purposes for which gemstones are used in violation of N.M. Stat. Ann. § 55-2-3 14.

(ff) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of N.Y. U.C.C. Law § 2-314.

(gg) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for

which gemstones are used in violation of N.C. Cren. Stat. Ann. §2 5-2-314.

(hh) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of N.D. Stat 41-02-31.

(ii) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ohio Rev. Code Aim. § 1302.267.

(jj) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Okla. Stat. Ann. tit. 12A, § 2-314.

(kk) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Or. Rev. Stat. § 72.3140.

(11) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Pa. Stat. Ann. tit. 13, § 2314.

(mm) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of R.I. Stat. § 6A-2-314.

(nn) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of S.C. § 36-2-314.

(oo) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of S.D. Cod. Laws. § 57A-2-314.

(pp) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Tenn. Code Ann. § 47-2-314.42.

(qq) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Tex. Bus. & Corn. Code Ann. § 2.314.

(rr) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Ut. Code Ann. § 70A-2-314.

(ss) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Vt. Stat. Ann. § 2-314.

(tt) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Va. Code Ann. § 8.2-314.

(uu) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Wa. Ann. 62A.2-314.

(vv) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of W. Va. Code § 46-2-314.

(ww) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Wis. Stat. Ann. 402.3 14.

(xx) The Defendant breached its implied warranties that class jewelry was of merchantable quality and fit for the ordinary purposes for which gemstones are used in violation of Wyo. Stat. 34.1-2-314.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including monetary damages, interest, costs and attorney's fees.

### SUPPLEMENTAL COUNT II
### BREACH OF STATE EXPRESS WARRANTIES OF MERCHANTABILITY BY THE DEFENDANT RESULTING IN FINANCIAL HARM

140. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

141. The Defendant expressly warranted to the public including proposed class representative O'Connell and proposed class members, that class jewelry was merchantable and fit for the ordinary purposes for which jewelry are used.

42

142. The Defendant extensively advertised that class jewelry was of superior value and extolled the quality and virtues of class jewelry including superior quality, value and beauty.

143. The Defendant represented that class jewelry was of a particular standard or quality when it was not.

144. The Defendant breached its express warranties in that class jewelry was defective with respect to undisclosed treatments that affected value, special care requirements, light refraction and other measureable standards.

145. The Defendant received adequate notice of its breach of its express warranties and failed to cure the warranty breaches.  In the alternative, proposed class representative and proposed class members, as indirect purchasers were not required to issue notice of the warranty breach to the Defendant and/or lack of notice of warranty breach did not result in any prejudice to the Defendant.

146. The Defendant failed to remedy the proposed class representative's (or proposed class members') defective class jewelry during the express warranty period although these defects were known to the Defendant at that time.

147. The proposed class representative and proposed class members relied on express warranties made by the Defendant concerning class jewelry and sustained an ascertainable loss and other financial injury resulting from the breach of those warranties by the Defendant.

148. The proposed class representative and proposed class members could not have reasonably discovered the treatments performed to class jewelry at the time of purchase.

149. The Defendant's breach of its express warranties was the direct and proximate cause of cause of financial harm to proposed class representative O'Connell and proposed class members.

150. The above-enumerated defects and treatments existed at the time the class jewelry left the custody, control and/or possession of the Defendant and render the class jewelry unfit at the time the jewelry was delivered.

151. The express warranty remedy for class jewelry fails of its essential purpose under § 2-719(2) because class jewelry is not repairable and the limitation of consequential damages is unconscionable under § 2-719(3) because of the conduct of the Defendant described *supra*.

152. The Defendant's conduct violates the state express warranty statutes listed below:

(a) The Defendant breached its express warranties accompanying class jewelry in violation of Ala. Code § 7-2-313.

(b) The Defendant breached its express warranties accompanying class jewelry in violation of Ak. St. § 45.02.313.

(c) The Defendant breached its express warranties accompanying class jewelry in violation of Ariz. Rev. Stat. A. § 47-2313.

(d) The Defendant breached its express warranties accompanying class jewelry in violation of Ark. Code Ann. § 4-2-313.

(e) The Defendant breached its express warranties accompanying class jewelry in violation of Co. Rev. St. § 4-2-313.

(f) The Defendant breached its express warranties accompanying class jewelry in violation of Conn. Gen. Stat. Ann. § 42a-2-313.

(g) The Defendant breached its express warranties accompanying class jewelry in violation of 6 Del. C. § 2-313.

(h) The Defendant breached its express warranties accompanying class jewelry in violation of D.C. Stat. § 28:2-313.

(i) The Defendant breached its express warranties accompanying class jewelry in violation in violation of Fla. Stat. Ann. §672.313.

(j) The Defendant breached its express warranties accompanying class jewelry in violation of Ga. Code Ann. § 11-2-313.

(k) The Defendant breached its express warranties accompanying class jewelry in violation of Haw. Rev. Stat. § 490:2-313.

(1) The Defendant breached its express warranties accompanying class jewelry in violation of Id. Stat. § 28-2-313.

(m) The Defendant breached its express warranties accompanying class jewelry in violation of 810 Ill. Comp. Stat. 512-313.

(n) The Defendant breached its express warranties accompanying class jewelry in violation of Md. Code § 26-1-2-313.

(o) The Defendant breached its express warranties accompanying class jewelry in violation of Iowa Code Ann. § 554.2313.

45

(p) The Defendant breached its express warranties accompanying class jewelry in violation of Kansas Stat. Ann. § 84-2-313.

(q) The Defendant breached its express warranties accompanying class jewelry in violation of Ken. Rev. Stat. § 355.2-313.

(r) The Defendant breached its express warranties accompanying class jewelry in violation of La. Civ. Code Ann. art. 2520.

(s) The Defendant breached its express warranties accompanying class jewelry in violation of 11 Maine Rev. Stat. Ann. § 2-313.

(t) The Defendant breached its express warranties accompanying class jewelry in violation of Md. Corn. Law Code Ann. § 2-313.

(u) The Defendant breached its express warranties accompanying class jewelry in violation of Mass. Gen. Laws Ann. 106 § 2-313.

(v) The Defendant breached its express warranties accompanying class jewelry in violation of Mich. Comp. Laws Ann. 440.2313b.

(w) The Defendant breached its express warranties accompanying class jewelry in violation of Minn. Stat. Ann. § 336.2-313.

(x) The Defendant breached its express warranties accompanying class jewelry in violation of Miss. Code Ann. § 75-2-313.

(y) The Defendant breached its express warranties accompanying class jewelry in violation of Missouri Ann. Stat. 400.2-313.

(z) The Defendant's sale and promotion of the GL 1800 constitutes a breach of express warranty in violation of Mont. Code Ann. 30-2-313.

(aa) The Defendant breached its express warranties accompanying class jewelry in violation of Neb. Rev. Stat. § 2-313.

(bb) The Defendant breached its express warranties accompanying class jewelry in violation of Nev. Rev. Stat. 104.2.313.

(cc) The Defendant breached its express warranties accompanying class jewelry in violation of N.H. Rev. Stat. § 382-A:2-313.

(dd) The Defendant breached its express warranties accompanying class jewelry in violation of N.J. Stat. Ann. 12A:2-313.

(ee) The Defendant breached its express warranties accompanying class jewelry in violation of N.M. Stat. Ann. § 55-2-313.

(ff) The Defendant breached its express warranties accompanying class jewelry in violation of N.Y. U.C.C. Law § 2-313.

(gg) The Defendant breached its express warranties accompanying class jewelry in violation of N.C. Gen. Stat. Ann. § 25-2-313.

(hh) The Defendant breached its express warranties accompanying class jewelry in violation of N.D. Stat 4 1-02-30.

(ii) The Defendant breached its express warranties accompanying class jewelry in violation of Ohio Rev. Code Ann. § 1302.26.

(jj) The Defendant breached its express warranties accompanying class jewelry in violation of Okla. Stat. Ann. tit. 12A, §2-313.

(kk) The Defendant breached its express warranties accompanying class jewelry in violation of Or. Rev. Stat. § 72.3 130.

(11) The Defendant breached its express warranties accompanying class jewelry in violation of Pa. Stat. Ann. tit. 13, § 2313.

(mm) The Defendant breached its express warranties accompanying class jewelry in violation of R.I. Stat. § 6A-2-313.

47

(nn) The Defendant breached its express warranties accompanying class jewelry in violation of S.C. § 36-2-313.

(oo) The Defendant breached its express warranties accompanying class jewelry in violation of S.D. Cod. Laws. § 57A-2-313.

(pp) The Defendant breached its express warranties accompanying class jewelry in violation of Tenn. Code Ann. § 47-2-313.

(qq) The Defendant breached its express warranties accompanying class jewelry in violation of Tex. Bus. & Corn. Code Ann. § 2.313.

(rr) The Defendant breached its express warranties accompanying class jewelry in violation of Ut. Code Ann. § 70A-2-313.

(ss) The Defendant breached its express warranties accompanying class jewelry in violation of Vt. Stat. Ann. § 2-313.

(tt) The Defendant breached its express warranties accompanying class jewelry in violation of Va. Code Ann. § 8.2-313.

(uu) The Defendant breached its express warranties accompanying class jewelry in violation of Wa. Ann. 62A.2-313.

(vv) The Defendant breached its express warranties accompanying class jewelry in violation of W. Va. Code § 46-2-313.

(ww) The Defendant breached its express warranties accompanying class jewelry in violation of Wis. Stat. Ann. 402.313.

(xx) The Defendant breached its express warranties accompanying class jewelry in violation of Wyo. Stat. 34.1-2-313.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including monetary damages, interest, costs and attorney's fees.

### SUPPLEMENTAL COUNT III
### VIOLATION OF STATE CONSUMER PROTECTION LAWS BY THE DEFENDANT RESULTING IN FINANCIAL HARM

153. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

154. The Defendant is a person within the context of the Unfair and Deceptive Trade Practices Acts (hereinafter "UDTPA") set out below.

155. The Defendant committed unfair and deceptive acts in the course of trade and commerce as described in this complaint within the context of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the UDTPAs set out below.

156. The Defendant committed unconscionable commercial practices including but not limited to deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of material facts with intent that proposed class representative O'Connell and other class jewelry purchasers would rely upon such concealment, suppression and/or omission in connection with the sale and/or advertisement of class jewelry.

157. The Defendant fraudulently, intentionally, negligently, and/or recklessly misrepresented to the proposed class representative and

proposed class members the characteristics of class jewelry by failing to disclose treatments to class jewelry as required by § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide.

158. The Defendant fraudulently, intentionally, negligently and/or recklessly misrepresented to the proposed class representative and proposed class members the characteristics of class jewelry with respect to defects and treatments in violation of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended,* the Jewelry Guide and the UDTPAs set out below.

159. The Defendant fraudulently, intentionally, negligently and/or recklessly concealed from the proposed class representative and proposed class members defects in and treatments to class jewelry even though the Defendant knew or should have known of these defects and treatments.

160. The Defendant actively suppressed the defect in and treatments to class jewelry. The Defendant secretly replaced some class jewelry and/or refunded the purchase price to prevent dissemination of knowledge concerning jewelry defects and undisclosed treatments.

161. The Defendant intended or should have known that the proposed class representative and proposed class members would rely upon misrepresented characteristics of class jewelry.

162. The Defendant violated the UDTPAs (including but not limited to per se violations) set forth below including but not limited to

50

parallel violations of § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended* and the Jewelry Guide by failing to inform class jewelry owners prior to purchase that class jewelry had defects and/or had been treated, that the jewelry would require special care and the treatments had a significant effect on the jewelry's value.

163. The Defendant committed unfair and deceptive business trade act practices as set forth in all preceding counts and as described in this count.  The Defendant repeatedly violated the UDTPAs set out below on multiple occasions with its continuous course of conduct including omissions of material fact and misrepresentations.

164. The wrongful conduct of the Defendant violating the UDTPAs set out below occurred within the limitations period and/or the limitations period is tolled by the Defendant's conduct.

165. As a proximate and direct result of the Defendant's unfair and deceptive business trade practices, the proposed class representative and proposed class members purchased class jewelry and sustained an ascertainable loss, financial harm and property damage.

166. The conduct of the Defendant offends public policy as established by statutes and common law and is unfair, deceptive, unethical, oppressive and/or unscrupulous and caused unavoidable substantial injury to class jewelry owners (who were unable to have

reasonably avoided the injury due to no fault of their own) without any countervailing benefits to consumers.

167. On October 21, 3013, a UDTPA demand letter was sent to the Defendant via certified mail, return receipt requested.  The demand letter was received by the Defendant on October 24, 2013.  A copy of the demand letter and return receipt evidencing delivery are appended to this complaint as Exhibits "A" and "B", respectively. The Defendant failed to issue a reasonable settlement of the claims set out in the demand letter.

168. The Defendant's conduct constitutes oppressive, unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of the state consumer protection statutes listed below:

(a) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Ark. Code Ann. § 4-88-101, *et seq.*

(b) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Cal. Code § 1750, *et seq.* and Cal. Code § 17200, *et seq.*

(c) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-101*, et seq.*

(d) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Conn. Gen. Stat. § 42-110a, *et seq.*

(e) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Del. Code Ann. tit. 6, § 2511, *et seq.*

(f) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of D.C. Code Ann. § 28-3901, *et seq.*

(g) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Fla. Stat. § 501.201, *et seq.*

(h) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Haw. Rev. Stat. § 480-1, *et seq.;*

(i) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Idaho Code § 48-601, *et seq.*

(j) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of 815 Ill. Rev. Stat. § 505/1*, et seq.*

(k) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Kan. Stat. Ann. § 50-623*, et seq.*

(l) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Me. Rev. Stat. Ann. Tit § 205-A, *et seq.*

(m) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Mich. Comp. Laws § 445.901, *et seq.*

(n) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Minn. Stat. § 325D.43, *et seq.*

(o) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Mo. Rev. Stat. § 407.010, *et seq.*

(p) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*

(q) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*

(r) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*

(s) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.*

(t) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*

(u) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*

(v) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.D. Cent. Code § 51-15-01, *et seq.*

(w) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Okla. Stat. Ann. tit. 15 § 751, *et seq.*

(x) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*

(y) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*

(z) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Vt. Stat. Ann. tit. 9, § 245-1, *et seq.*

(a) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*

(b) The Defendant engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of W. Va. Code § 46A-6-101, *et seq.*

169. Proposed class members were injured by the Defendant's conduct. As a direct and proximate result of the Defendant's unfair, unlawful, fraudulent and deceptive trade acts and practices as described in this count and preceding counts, proposed class members have suffered actual economic loss because they did not receive the benefit of their bargain.   Proposed class members are entitled to damages, restitution, disgorgement, costs, attorney's fees and multiple damages as provided in the above-referenced statutes.

Wherefore, proposed class representative O'Connell and proposed class members demand judgment against the Defendant including multiple monetary damages, interest, costs, and attorney's fees.

## RELIEF REQUESTED

Wherefore, the proposed class representative and proposed class members request:

a. A class certification order pursuant to Fed. R. Civ. P. 23(c) designating as class members those entities defined in ¶15 with any modifications to the class or sub-classes as required for the efficient and equitable administration of justice in this proceeding;

b. An Order appointing O'Connell as class representative and designating Thomas P. Sobran as counsel for the class pursuant to Fed. R. Civ. P. 23(g);

c. Judgment for proposed class representative O'Connell and class members against the Defendant on all issues and counts;

d. Damages for proposed class representative O'Connell and class members including but not limited to multiple damages where applicable together with prejudgment interest, costs and attorney's fees;

e. Restitution for all jewelry repairs and class jewelry replacement costs incurred by the proposed class representative and class members resulting from the Defendant's wrongful conduct.

f. Disgorgement of the Defendant's revenue from its wrongful and unlawful conduct and the establishment of a constructive trust funded by the benefits conferred upon the Defendant. The proposed class representative and class members should be designated beneficiaries of the trust and obtain restitution for their out of pocket expenses caused by the Defendant's conduct;

g. Injunctive relief prohibiting the Defendant from engaging in sales of treated gemstones without issuing at the point of sale adequate gemstone disclosures satisfying the Jewelry Guide; and,

h. Any other relief deemed necessary or appropriate by the court.

**REQUEST FOR JURY TRIAL**

The proposed class representative and proposed class members request trial by jury on all issues and counts.


Catherine C. O'Connell,
By her attorney,
on behalf of herself and
proposed class members,


*/s/ Thomas P. Sobran*
Thomas P. Sobran
7 Evergreen Lane
Hingham, MA 02043
(781) 741-6075
tsobran@sobranlaw.com

**EXHIBIT A**

# THOMAS P. SOBRAN, P.C.
### COUNSELLOR AT LAW
### 7 EVERGREEN LANE
### HINGHAM, MASSACHUSETTS 02043

### TELEPHONE (781) 741-6075
### FACSIMILE (781) 741-6074
### EMAIL tsobran@sobranlaw.com

CERTIFIED MAIL # 7010 1670 0001 3090 3680
RETURN RECEIPT REQUESTED

October 21, 2013

Mark Light, President
Sterling Jewelers, Inc.
375 Ghent Road
Fairlawn, OH 44333

Re: sales of treated gemstones

Dear Mr. Light:

    I represent Massachusetts resident Catherine C. O'Connell who recently purchased a natural gemstone emerald ring from Jared The Galleria of Jewelry (hereinafter "Jared") located in Burlington, Massachusetts. Jared and Sterling Jewelers, Inc. (hereinafter "Sterling Jewelers") breached express and implied warranties concerning the attributes of the emerald ring. Jared and Sterling Jewelers also violated § 5 of the Federal Trade Commission Act of 1914, 38 Stat. 719, *codified at* 15 U.S.C. §§ 41-58, *as amended,* together with accompanying regulations and guidelines. This conduct is prohibited under Mass. Gen. L. ch. 93A. The purpose of this letter is to provide notice and demand relief in accordance with Mass. Gen. L. ch. 93A, § 9.[1]

---

[1] This demand letter is also sent on behalf of consumers (including but not limited to all Massachusetts residents) who purchased treated gemstones from Sterling Jewelers and its subsidiary stores including but not limited to Jared who may be consolidated in a class action. Jared and Sterling Jewelers are referred to the consumer protection statutes of the various states that provide for multiple damages, costs and/or attorney fees for unfair/deceptive trade practices.

Mark Light, President
October 21, 2013
Page 2


     In particular, Jared and Sterling Jewelers violated the
Federal Trade Commission's Guides for the Jewelry, Precious
Metals and Pewter Industries (hereinafter "Jewelry Guide"), 16
C.F.R. § 23. With respect to gemstone products, the Jewelry
Guide provides that "[i]t is unfair or deceptive to fail to
disclose that a gemstone has been treated if ... the treatment
is not permanent ... the treatment creates special care
requirements ... [or] the treatment has a significant effect on
the stone's value." 16 C.F.R. § 23.22.[2]

     As sellers of consumer goods, Jared and Sterling Jewelers
(and its other subsidiary stores) breached express and implied
warranties of merchantability and fitness for a particular
purpose with respect to treated gemstones.  Jared and Sterling
Jewelers (and its other subsidiary stores) also negligently
and/or intentionally misrepresented the characteristics of the
emerald ring purchased by Ms. O'Connell.  Employees of Jared
never informed Ms. O'Connell that the gemstone she purchased had
been treated within the context of the Jewelry Guide, 16 C.F.R.
§ 23.22.  Jared and Sterling Jewelers (and its other subsidiary
stores) generated considerable profit selling treated gemstones
to an unsuspecting public without adequate disclosure at the
point and time of sale.  Jared employees subsequently confirmed
that the natural emerald ring purchased by Ms. O'Connell had
been treated within the context of § 23.22 of Jewelry Guide.

     In accordance with the provisions of Mass. Gen. L. ch.93A,
§9(3), I request that Sterling Jewelers directly contact all
purchasers of treated gemstones purchased in the past ten years
from Sterling Jewelers owned stores to inform purchasers of
gemstone treatments and offer a full refund of the original

---

     [2] Section 2(b) of ch. 93A recites in its entirety that "[i]t
is the intent of the legislature that in construing paragraph
(a) of this section in actions brought under sections four, nine
and eleven, the courts will be guided by the interpretations
given by the Federal Trade Commission and Federal Courts to
section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C.
45(a)(1)), as from time to time amended."

Mark Light, President
October 21 2013
Page 3


purchase price and reasonable interest.  I further request that
Sterling Jewelers pay reasonable attorney fees generated as a
result of its conduct.

Chapter 93A provides for multiple damages, attorney fees
and costs where: (1) a violation of c. 93A has occurred; and,
(2) a reasonable settlement offer is not tendered within thirty
(30) days of receipt of the notice to proceed under c. 93A.


Very truly yours,


Thomas P. Sobran


TPS/awm